UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 2:05-cr-23-FtM-33SPC

CALVIN BERNARD COCHRAN
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Calvin Bernard Cocharn's pro se construed Motion to Amend the Judgment (Doc. # 57), which was filed on December 11, 2018. The Government responded on January 2, 2019. (Doc. # 59). For the reasons articulated below, the Motion is denied.

**Discussion**

On March 16, 2005, the Government charged Cochran in a one-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. # 1). Cochran entered into a plea agreement with the Government on August 24, 2005. (Doc. # 24). On December 21, 2005, this Court sentenced Cochran to "a total term of 211 Months to run concurrently with State Court case" as well as five years supervised release. (Doc. # 39 at 2). Judgment reflecting the sentence was entered on December 29, 2005. (Doc. # 39). On January 13, 2006, Cochran filed a direct appeal of his sentence. (Doc. # 40). On September 26, 2006,

the Eleventh Circuit affirmed the judgment against Cochran. (Doc. # 49). The Eleventh Circuit enforced the appeal waiver found in the plea agreement. (Id.).

At this juncture, Cochran has filed a Motion in which he correctly notes that his federal sentence was ordered to run concurrently with his state court sentence. (Doc. # 57). However, Cochran incorrectly posits: "the Judgment and Commitment failed to reflect this concurrent order. As a result of this failure, the BOP is refusing to credit my federal sentence for the pretrial time spent in state custody and to run my federal sentence concurrently with the state sentence." (Doc. # 57).

The Judgment is before the Court and it clearly and unambiguously states that the state and federal sentences are to run concurrently. (Doc. # 39). The Motion is therefore due to be denied. The Court also draws from the Government's Response to the Motion to explain that: "Jail credit is governed by 18 U.S.C. § 3585(b). [Cochran] received credit from the date of arrest by the state on 08-19-2004 through 02-06-2005, the day before the 1st sentence was imposed. In this case it was the state sentence imposed on 02-07-2005. Jail credit cannot be applied after any sentence federal or state commences." (Doc. # 59 at 1-2).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant Calvin Bernard Cocharn's pro se construed Motion to Amend the Judgment (Doc. # 57) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of January, 2019.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE